Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 27 2013, 7:21 am

CLERK
of the supreme court, court of appeals and tax court

ATTORNEYS FOR APPELLANT:

**JOHN F. KAUTZMAN**
**EDWARD J. MERCHANT**
Ruckelshaus Kautzman Blackwell
Bemis & Hasbrook
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**DAVID W. STONE, IV**
Stone Law Office & Legal Research
Anderson, Indiana

**GREGG MORELOCK**
Brand & Morelock
Greenfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JACOB K. SMITH, ) | |
| ) | |
| Appellant-Petitioner, ) | |
| ) | |
| vs. ) | No.  33A04-1212-MI-626 |
| ) | |
| COUNTY OF HANCOCK, INDIANA, ) | |
| ) | |
| Appellees-Respondent. ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Mary G. Willis, Judge
Cause No. 33C01-1207-MI-82

**June 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Jacob Smith was dismissed from the Hancock County Sheriff's Department (the "Department") following a hearing of the Hancock County Sheriff's Merit Board (the "Merit Board") on charges of misconduct. Smith appeals the trial court's decision on judicial review affirming the Merit Board's termination of his employment, raising the following consolidated and restated issue for our review: whether he was denied due process in the conduct of the disciplinary proceedings leading to his termination. Concluding he was afforded appropriate due process, we affirm the judgment of the trial court.[1]

## Facts and Procedural History

Since at least September of 2010, Smith has been a member of the Department. During that time, he was romantically involved off-and-on with Audrey Swift. In September of 2010, Smith was disciplined with a five-day suspension for uninvited and abusive – both in tone and frequency – contact with Swift. In June of 2011, he was disciplined with a two-day suspension for continued abusive contact with Swift after being given a direct order by a superior not to contact her. Beginning on February 2, 2012, and into the following day, including while he was on duty, Smith made multiple phone calls and sent multiple texts to Swift while still subject to the no-contact order and after having been asked by Swift to stop communicating with her. The texts and phone calls were abusive and threatening. Swift

---

[1] Hancock County has filed a Motion to Strike portions of Smith's reply brief and Supplemental Appendix, alleging Smith raised a new argument in his reply brief and improperly included within his supplemental appendix an exhibit that was not filed with the Merit Board. The "new argument" in Smith's reply brief is a response to an argument made in Hancock County's appellee's brief and is therefore acceptable. The exhibit in the supplemental appendix was filed with the trial court on judicial review without objection and is therefore properly part of the record before us. Hancock County's motion to strike is accordingly denied.

contacted the police and Smith made two phone calls to Swift that the officers who arrived to take her complaint heard over speakerphone.

On February 3, 2012, a Formal Action Notice was filed with Hancock County Sheriff Michael Shepherd regarding Smith's conduct. Sheriff Shepherd directed Captain Kevin Haggard to conduct an internal investigation of Smith's actions. Simultaneously, the Greenfield Police Department was conducting a criminal investigation. Captain Haggard began the internal investigation on February 6, 2012, when he obtained a copy of the Greenfield Police Department offense report. On February 8, 2012, Smith gave a statement to Captain Haggard in the internal investigation in which he admitted, among other things, contacting Swift while on duty on February 2. On February 24, 2012, Sheriff Shepherd filed Written Charges to Discharge with the Merit Board, alleging Smith had violated several rules of conduct and objectives of the Department Rules and Regulations. A hearing was scheduled for March 16, 2012, before the Merit Board.

On March 2, 2012, the State charged Smith with official misconduct, a Class D felony; intimidation, a Class A misdemeanor; and harassment, a Class B misdemeanor. On March 8, 2012, Smith filed with the Merit Board a Motion for Stay of Disciplinary Hearing Pending Disposition of Criminal Charges. On March 15, 2012, no ruling having been made on that motion, Smith also filed an Emergency Motion for Continuance. The Merit Board did not make a decision on those motions until immediately prior to the hearing on March 16, at which time it denied the motions. Smith's counsel then stated:

> Respectfully, given the criminal charges my client faces I cannot advise my client to voluntarily submit to this process. He does have Fifth

3

Amendment rights. I do not believe you can receive a fair hearing without his testimony at this setting. However, given those criminal charges he cannot offer that testimony and I cannot advise him to offer that testimony. And therefore we will not participate in this hearing given those criminal charges until the charges have been disposed of within the Court system.

Appendix of Appellant at 6-7. After a lengthy discussion, Smith's counsel again stated that he could not advise his client to participate in the hearing because "he cannot offer [his] testimony voluntarily without possible retribution in the criminal matter. And for these reasons respectfully we decline to participate." Id. at 20. The record reflects that Smith and his counsel left, and the hearing proceeded in their absence, with several witnesses testifying.

On March 22, 2012, the Merit Board again convened in public session and voted to terminate Smith's employment with the Department, concluding he had violated several Department rules of conduct and objectives.

Smith thereafter filed a timely complaint and petition for judicial review of the Merit Board's decision. Following argument on the petition, the trial court entered the following order, in pertinent part:

> 3. Review of the administrative decision of the [Merit Board] is limited to determining whether the agency's decision was based upon substantial evidence, was arbitrary and capricious, and whether it was contrary to any constitutional, statutory, or legal principle.
> * * *
> 6. The complaining witness testified at the Merit Board hearing along with six (6) other witnesses. The Merit Board considered twenty-four (24) properly admitted Exhibits including text messages from the cell phone of [Smith] at the evidentiary hearing held on March 16, 2012. The Court finds that this was a fair public hearing before the Merit Board pursuant to I.C. 36-8-10-11(a).
> * * *
> 8. [Smith's] counsel elected to not cross-examine witnesses at the hearing. [Smith's] counsel elected not to introduce his own witnesses for direct and cross-examination. [Smith's] counsel elected not to introduce exhibits and

4

other tangible evidence. The Court finds that [Smith] was not excluded from the proceedings by any action of the [Merit] Board and this strategic decision on the part of [Smith] and his counsel to leave the proceedings did not deny [Smith] a fair hearing . . . .

9. Although the allegations did involve an alleged criminal offense and charges were pending, [Smith] could have participated in the Merit Board hearing and preserved his rights against self-incrimination. The Court finds that there was no violation of the constitutional principles found in the 5th Amendment at the Merit Board proceedings.

10. The Court finds that the internal investigation was completed upon the filing of the Formal Written Charges to Discharge. The criminal charges were filed thereafter. The Court finds that there was not a violation of the principles outlined in the [Department's] Rules and Regulations.

11. The decision of the [Merit Board] terminating the employment of [Smith] was not arbitrary and capricious and was not in violation of any constitutional, statutory or legal principles. The decision of the [Merit Board] is affirmed.

Supplemental Appendix of Appellant at 5-7 (quotations and citations omitted). Smith now appeals the trial court's decision.

## Discussion and Decision

### I. Standard of Review

Judicial review of administrative decisions is very limited. Roberts v. Cnty. of Allen, 773 N.E.2d 850, 853 (Ind. Ct. App. 2002), trans. denied. The reviewing court gives deference to the expertise of the administrative body and will not reverse the discretionary decisions of an administrative body, including those of police merit commissions, absent a showing that the decision was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. Id. "A decision is arbitrary and capricious when it is made without any consideration of the facts and in total disregard of the circumstances and lacks any basis which might lead a reasonable and honest person to make the same decision." Id. The challenging party has the burden of proving a decision is arbitrary and capricious. Id.

5

Further, judicial review is limited to determining whether the administrative body adhered to proper legal procedure and made a finding based upon substantial evidence in accordance with appropriate constitutional and statutory provisions. Id. "Substantial evidence" is relevant evidence a reasonable mind might accept as adequate to support the conclusion. Id. The reviewing court may not substitute its judgment for that of the administrative body or modify a penalty imposed in a disciplinary action without a showing that such action was arbitrary and capricious, nor may it reweigh the evidence. Id.

The trial court initially reviewed the Merit Board's decision to terminate Smith's employment with the Department. We, in turn, review the trial court's decision affirming the Merit Board. In order to properly adjudge whether the initial review was erroneous, we necessarily look through its decision to consider the validity of the Merit Board's determination. City of Indianapolis v. Woods, 703 N.E.2d 1087, 1091 (Ind. Ct. App. 1998), trans. denied. In so doing, we use the same standard which was required to be applied in the initial review, as to those facts and conclusions addressed by the Merit Board. Id.

## II. Due Process

The merit board statute, Indiana Code section 36-8-10-11, creates in sheriff's deputies a property interest in their jobs and entitles them to procedural due process protections. Marion Cnty. Sheriff's Merit Bd. v. Peoples Broad. Corp., 547 N.E.2d 235, 239 (Ind. 1989). Because the tenure given a police officer is a constitutionally protected interest, police merit board hearings are administrative actions that, although less formal than civil proceedings, as a matter of due process require a full and fair hearing conducted in good faith before an

6

impartial body. <u>Fornelli v. City of Knox</u>, 902 N.E.2d 889, 894 (Ind. Ct. App. 2009), <u>trans. denied.</u> The extent of the process required is "notice and opportunity for hearing appropriate to the nature of the case . . . ." <u>Peoples Broad. Corp.</u>, 547 N.E.2d at 239 (quoting <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 570 n.7 (1972)).

Smith contends his due process rights were violated when the Department failed to suspend its internal investigation until the criminal investigation into the same conduct was completed and when the Merit Board proceeded with a hearing in his absence. His argument as to both alleged violations is basically the same; that is, that he was denied the opportunity to present his side of the story before his employment with the Department was terminated.

A. Suspension of Internal Investigation

Among the Rules and Regulations of the Department are the following pertinent provisions regarding "Due Process":

> 8. MAJOR INFRACTION/FORMAL ACTION NOTICE
> * * *
> B. All major infractions shall result in the filing of a Formal Action Notice . . . . All Formal Action Notices resulting in major violations shall result in an internal investigation as directed by the Chief Deputy or Sheriff. The result of all internal investigations and final disposition shall be forwarded to the Sheriff for final review.
> * * *
> 9. INTERNAL AFFAIRS INVESTIGATION
> A. The Sheriff shall order an internal affairs investigation of an employee upon receipt of the Formal Action Notice, resulting in a major infraction.
> * * *
> E. Any information gained during an internal affairs investigation shall be considered confidential and shall be submitted only to the [S]heriff for resolution. The [S]heriff may forward the report to the merit board, when appropriate.
> * * *

7

10. EMPLOYEE RIGHTS DURING INTERNAL AFFAIRS INVESTIGATIONS

　　A. Employees under investigation for non-criminal misconduct shall be extended certain rights while fulfilling specific duties. . . .

　　1. An employee is required to meet with an internal affairs officer for an interview after notification of a formal complaint.
　　* * *

　　2. If the employee is charged with a criminal offense or is suspected of being implicated in criminal wrongdoing, the employee shall be informed immediately of their Garrity warning.[2] This may occur any time prior to or during the interview with the internal affairs officer.

　　　　a. The internal affairs officer will determine if the interview should continue.
　　　　* * *

　　　　d. Whenever possible, another agency should conduct the criminal investigation independent of the internal affairs investigation under the direction of the Sheriff. <u>The internal affairs investigation will be suspended until the criminal investigation is completed by an independent investigator.</u>
　　* * *

11. CONCLUSION OF FACT

　　All Internal affairs investigations shall result in a conclusion of fact report, . . . designated in one of four ways. The report will be forwarded to the Sheriff for approval. . . .

　　　　1.　Exonerated . . . .
　　　　2.　Sustained . . . .
　　　　3.　Not sustained . . . .
　　　　4.　Unfounded . . . .

　　In the event the Internal Affairs Investigation concludes the facts of the case were sustained, the Sheriff may proceed with punitive action ranging from letter of reprimand to termination based upon the totality of the circumstances; under the authority of state statue [sic] IC: 36-8-10-11 . . . .

App. of Appellant at 47-51 (emphasis added).

Smith contends that he was denied due process and the fair public hearing required by

Indiana Code section 36-8-10-11 in part because the Department "failed to suspend its

---

² The "Garrity warning" references the United States Supreme Court opinion in <u>Garrity v. New Jersey</u>, 385 U.S. 493 (1967). "In <u>Garrity</u>, the Supreme Court held that where a public employee is subject to a policy requiring him to choose between waiving his Fifth Amendment right against self-incrimination or facing dismissal from employment, if

8

internal investigation pending the disposition of the criminal matter as it was required to do pursuant to its own rules and regulations." Brief of the Appellant at 9. The Department's rules do state that an internal investigation "<u>will be</u> suspended until the <u>criminal investigation</u> is completed . . . ." App. of Appellant at 50 (emphasis added). Clearly, here, the internal investigation and the criminal investigation were being undertaken simultaneously, and in that respect, the internal investigation was conducted in violation of the Department's rules and regulations. However, the rules state that the internal investigation is to be suspended only until the criminal <u>investigation</u> is completed, <u>not</u> until the criminal <u>proceedings</u> are concluded. In this respect we note a crucial difference between Indiana Code section 36-8-10-11, concerning the discipline and removal of members of a county sheriff's department, and Indiana Code section 36-8-3-4, concerning the discipline and dismissal of a member of a city police department. Section 36-8-3-4(n) provides:

> If the member is subject to criminal charges, the [city safety] board may place the member on administrative leave until the disposition of the criminal charges in the trial court. <u>Any other action by the board is stayed until the disposition of the criminal charges in the trial court.</u> . . .

(Emphasis added.) Section 36-8-10-11 has no comparable provision.[3] By statute, there is no requirement that criminal charges against a member of a sheriff's department be resolved prior to any disciplinary action being taken. Therefore, the only limit here on proceeding

the employee makes incriminating statements, those statements are obtained in contravention of his constitutional right not to incriminate himself." <u>Littleton v. State</u>, 954 N.E.2d 1070, 1074 n.3 (Ind. Ct. App. 2011).

[3] Although we can discern no logical reason for such a difference in the treatment of sheriff's deputies versus city or town policemen during disciplinary proceedings, the proceedings are a creature of statute and therefore a matter within the province of the legislature and not the judiciary. For us to impose a requirement that merit board proceedings be stayed until criminal proceedings against a sheriff's deputy are concluded would be to improperly add by judicial decree a provision to the statute that the legislature did not expressly include.

9

with the disciplinary action is imposed by the Department's rules, which require the disciplinary action be suspended only until a criminal investigation is completed. The criminal investigation was completed when the case was handed over to the prosecutor's office and charges were filed on March 2, 2012. Although the internal investigation should not have proceeded simultaneously with the criminal investigation, it was not a violation of any rule for the Merit Board to hold its hearing on the charges preferred by the Sheriff following the internal investigation while the criminal charges were pending.[4] In short, although there was error in the conduct of the internal investigation, the error did not deny Smith due process because the Merit Board hearing was nonetheless held after the criminal investigation was completed.

## B. Merit Board Hearing

Indiana Code section 36-8-10-11(a) provides, in relevant part:

> The sheriff may dismiss, demote, or temporarily suspend a county police officer for cause after preferring charges in writing and after a fair public hearing before the board, which is reviewable in the circuit court.

Smith contends that he was denied a "fair public hearing" as required by this section when the Merit Board did not grant his motion to stay because he was "de facto excluded from participating in his disciplinary hearing" since criminal charges based upon the same conduct were also pending against him. Br. of the Appellant at 9.

---

[4] The Department's Rules and Regulations contemplate a fairly speedy resolution, as one of the rules provides: "Internal affairs investigations generally shall be concluded in 30 days, though the sheriff may grant extensions when extenuating circumstances exist. . . ." App. of Appellant at 49.

The Department's rules and regulations regarding disciplinary action state that the Merit Board

> at it's [sic] sole discretion . . . may order such postponements or continuances as are necessary to insure [sic] the presentation of such evidence or testimony in order to insure [sic] a fair, full and impartial hearing and to allow the merit board to make a determination based upon all the evidence which it believes is necessary for a full determination.

App. of Appellant at 43. As we have already held above, there is no prohibition on holding a disciplinary hearing while criminal charges are pending. That Smith felt he was unable to testify in the disciplinary proceedings without incriminating himself in his criminal case did not mean he could not participate in the disciplinary hearing in other ways, such as by cross-examining the witnesses against him, or by calling witnesses on his own behalf and introducing evidence in his favor. Smith points to a finding in the Merit Board's decision that he "was referred to the Department Employee Assistance Program (EAP) on two occasions, but has failed to avail himself of such assistance[,]" App. of Appellant at 59, as erroneous and an example of the "untruthful allegations lodged against him" that he was prevented from rebutting, Supp. App. of Appellant at 52. However, Smith tendered evidence to the trial court on judicial review supporting his claim that he did attend EAP in the form of a letter from an employee of the program verifying his attendance at three sessions prior to the disciplinary hearing. He gives no explanation of why the same evidence could not have been submitted to the Merit Board even absent his testimony. Other than this, Smith proffers no evidence or testimony he was precluded from presenting to the Merit Board that would have excused or explained his conduct.

As discussed above, the Merit Board adhered to proper legal procedure. See Roberts, 773 N.E.2d at 853. Moreover, the Merit Board's findings were based on substantial evidence, including the testimony of the victim of Smith's untoward conduct, evidence of his conduct in the form of documentation of the text messages he sent and testimony from officers who heard his threatening and abusive phone calls, evidence at least some of Smith's conduct occurred while he was on duty, and evidence that he had twice been disciplined for similar conduct and warned repeatedly against continuing his conduct. Smith has failed to meet his burden of proving the Merit Board's decision was arbitrary and capricious.

## Conclusion

The Merit Board's decision terminating Smith's employment with the Department was valid, as was the trial court's decision on judicial review affirming the Merit Board. The judgment of the trial court is, therefore, affirmed.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.